IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                              **CRIMINAL NO. 1:16CR52**
                                       (Judge Keeley)

**WARREN LEE McDANIEL,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
[DKT. NO. 33], ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 32], AND DENYING MOTION TO SUPPRESS [DKT. NO. 23]**

On August 2, 2016, the Grand Jury returned a one count indictment against the defendant, Warren Lee McDaniel ("McDaniel"), charging him with being a felon in possession of a firearm. On October 3, 2016, McDaniel moved to suppress evidence, including a Ruger pistol and statements he made to a police officer following an allegedly unlawful detention and arrest (dkt. no. 23). The Court referred the motion to United States Magistrate Judge Michael J. Aloi for a Report and Recommendation ("R&R") as to the disposition of the motion (dkt. no. 24). On October 20, 2016, following a hearing at which the parties presented evidence (dkt. no. 27), Magistrate Judge Aloi recommended that the motion to suppress be denied (dkt. no. 32). On October 26, 2016, McDaniel filed objections to the R&R (dkt. no. 33). For the reasons that follow, the Court **OVERRULES** those objections, **ADOPTS** the conclusion of the R&R on alternate grounds, and **DENIES** the motion to suppress.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

## I. BACKGROUND

The magistrate judge's R&R thoroughly recounts the facts material to this issue, which the Court need not repeat here. McDaniel objects to the following conclusions in the R&R: (1) that the police officer had reasonable suspicion to detain him based on the alleged assault that occurred earlier in the evening; (2) that exigent circumstances justified his detention by the officer; and (3) that the officer's continued detention of him was reasonable and justified under the Fourth Amendment.

The Court reviews McDaniel's motion to suppress <u>de novo</u>. <u>See Dellacirprete V Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) ("The Court will review <u>de novo</u> any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . ."(citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir.1983))). Following careful review, the Court adopts the conclusion of the R&R that McDaniel's motion to suppress should be denied, but, as discussed below, does so on the alternate ground of the inevitable discovery doctrine. <u>See</u> <u>Nix v. Williams</u>, 467 U.S. 431 (1984).

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

## II. DISCUSSION

The R&R concluded that the Ruger pistol McDaniel possessed, as well as the statements he made to the police officer, were not obtained in violation of the Fourth Amendment. McDaniel argues that the officer improperly seized the pistol and questioned him in violation of the Fourth Amendment. Whether McDaniel is correct, or not, the evidence he seeks to suppress inevitably would have been discovered by lawful means.

The exclusionary rule holds that the government may not use evidence obtained through an unconstitutional search in a criminal trial against the subject of that search. See U.S. v. Rush, 808 F.3d 1007, 1010 (4th Cir. 2015). The core purpose of the exclusionary rule "is to deter future Fourth Amendment violations." Id. There are exceptions to the exclusionary rule, however, pursuant to which evidence that has been gathered unconstitutionally is nonetheless admissible.

One such exception is the inevitable discovery doctrine, which the Supreme Court of the United States first recognized in Nix v. Williams, 467 U.S. 431 (1984).[1] In Nix, the Supreme Court held that

---

[1] The Fourth Circuit, as well as every other federal court of appeals, had already adopted the inevitability doctrine prior to Nix. See Nix, 467 U.S. at 440 n. 2 (collecting cases); U.S. v.

USA V. MCDANIEL                                                    1:16CR52

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

"[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means," then it should not be excluded. Id. at 444. The Fourth Circuit further reasoned that "if the government could prove that the evidence inevitably would have been discovered by legal means then 'the deterrence rationale [of the exclusionary rule] has so little basis that the evidence should be received.'" U.S. v. Allen, 159 F.3d 832, 839 (4th Cir. 1998) (brackets in original) (quoting Nix, 467 U.S. at 444).

Here, the evidence McDaniel seeks to suppress – the pistol and statements he made to the officer – falls within the inevitable discovery doctrine. It is undisputed that McDaniel's brandishing of the pistol was not a fact discovered through the fruits of an illegal search. The testimony of the police officer, together with the body camera footage admitted into evidence at the hearing before the magistrate judge, establishes that McDaniel walked into the hallway of Ginger Goodman's home holding the pistol in his right hand and in clear view of the officer. It was only after this point, according to McDaniel, that he was unlawfully detained or arrested. Thus, even McDaniel must concede that the officer was

---

Seohnlein, 423 F.2d 1051, 1053 (4th Cir. 1970).

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

fully aware he possessed the pistol prior to, and without the need for, any search or seizure.

The officer was at Ms. Goodman's home conducting a lawful investigation of a prior alleged assault at Little Sandy Restaurant. Ms. Goodman invited him into the residence voluntarily. From the testimony of the officer, as well as the body camera footage, it is clear the officer read McDaniel his Miranda rights, and that McDaniel acknowledged his understanding of those rights. Therefore, any questions the officer subsequently asked regarding the earlier incident at Little Sandy Restaurant are plainly admissible.

Witnesses at the restaurant had recognized and identified Ms. Goodman, which is the reason why the officer drove to her home in the first place. Those same witnesses also gave the officer a detailed description of Ms. Goodman's companion who allegedly had threatened the waitress, a description McDaniel plainly fit.[2] Given the information he already possessed prior to any supposed search

---

[2] The police officer's report noted that the witnesses described the male companion as "Male - screaming about service [sic], tattoos, short hair, T shirt, blue jeans, no hate [sic – presumably, "hat"], no glasses, scruffy beard." In addition, the report noted that the witnesses claimed both Goodman and McDaniel were intoxicated.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

or seizure, but after being invited into Goodman's home and observing McDaniel with the pistol, it is inevitable that the officer would have questioned McDaniel regarding the incident at Little Sandy Restaurant; in doing so, he also would have confirmed his identity and checked his criminal background. McDaniel, after all, fit the description of the person who had allegedly threatened the waitress, was heavily intoxicated, and had brandished a pistol after chambering a round. In this Court's view, McDaniel's admission that he was a prohibited felon "inevitably would have been discovered by legal means [and] should be received." Allen, 159 F.3d at 839; see also Seohnlein, 423 F.2d at 1053 (holding that police would have inevitably discovered warrant for defendant's arrest through background check of his co-defendant).

In summary, while lawfully in Goodman's home conducting an investigation into an earlier incident, the police officer, through no additional efforts of his own, was presented with evidence that McDaniel possessed a firearm. Under the totality of the circumstances, the evidence establishes that the officer would have inevitably discovered McDaniel's previous felony conviction. And from the moment the officer learned of McDaniel's prior felony arrest from the records, he would have had probable cause to seize

USA V. MCDANIEL                                                  1:16CR52

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS**

both the firearm and McDaniel.[3] Consequently, the pistol and McDaniel's statements are not subject to the exclusionary rule.

### III. CONCLUSION

For the reasons discussed, the Court **OVERRULES** McDaniel's objections, **ADOPTS** the conclusion of the R&R, albeit on different grounds, and **DENIES** the motion to suppress.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: November 2, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[3] Any argument that the gun was seized before the officer knew of the felony conviction is unavailing. The analysis under the inevitable discovery doctrine is not altered based on whether the officer cleared the gun and removed it to the kitchen, or whether McDaniel simply placed it on a coffee table while the officer continued with his investigation of the earlier incident. Under either scenario, McDaniel's prior felony conviction inevitably would have come to light, and the officer clearly saw him in possession of the firearm when he brandished it in the hallway.